**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>    Plaintiff,<br><br>v.<br><br>Choice Hotels International Incorporated, et al.,<br><br>    Defendants. | No. CV-20-00331-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Confirm that the Claims Against Shri Hari, Inc. and Tucson Hotel Investments, LLC Have Not Been Removed to the District Court. (Doc. 13.) The motion is fully briefed. (Docs. 14, 15.) The Court will deny the motion.

**I.    Background**

On June 29, 2020, Plaintiff filed a lawsuit in state court against Defendants Choice Hotels International, Shri Hari, and Tucson Hotel Investments, asserting claims under the Americans with Disabilities Act and Securities Exchange Act, as well as various state law claims. All Defendants were subsequently served.

On August 3, 2020, Defendant Choice Hotels filed a notice of removal, removing this action to federal court. Shri Hari and Tucson Hotel Investments did not join in or consent to the removal.[1]  Plaintiff now requests that the Court confirm that Shri Hari and Tucson Hotel Investments did not join in Choice Hotels' Notice of Removal, and therefore,

---

[1] According to a notice of settlement filed October 28, 2020, Plaintiff has since settled with Choice Hotels International.  (*See* Doc. 18.)

that their part of the case remains in state court. The Court will deny Plaintiff's supposition.

**II.     Procedural Defect of Removal**

Plaintiff argues that the claims against Defendants Shri Hari and Tucson Hotel Investments were not removed because these Defendants did not consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring all served defendants to join in or consent to removal). Because Plaintiff failed to timely file a motion for remand, Plaintiff has waived this alleged defect.

A motion for remand is the proper means of challenging a removal. "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The failure of all defendants to join in or consent to removal is a procedural defect, not a jurisdictional one. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Powell v. DEF Express, Inc.*, 265 Fed. App'x 672, 674 (9th Cir. 2008) (mem. decision). "'[P]rocedural requirements exist primarily for the protection of the parties' and 'can be waived'" if a motion to remand is not filed within 30 days of removal. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028-29 (9th Cir. 2017) (quoting *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)).

In this case, Choice Hotels filed a notice of removal on August 3, 2020. No party filed a motion for remand. Instead, on October 5, 2020, Plaintiff filed the pending motion for clarification. Even if Plaintiff's motion was considered one for remand, it is untimely. Because Plaintiff did not file a motion for remand within 30 days, Plaintiff has waived his ability to challenge removal on the basis of lack of consent of all the defendants.[2] *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("[T]he court may remand for defects other than lack of subject matter jurisdiction only upon a *timely* motion to remand." (emphasis added.)); *see also Powell*, 265 Fed. App'x at 674 (failure to file a motion to

---

[2] Because the Court will deny the motion on this basis, the Court does not also address whether Tucson Hotel Investments and Shri Hari constructively consented to removal by failing to object after receiving notice of removal.

- 2 -

remand within 30 days constitutes waiver of rule of unanimity).

### III.     Subject Matter Jurisdiction

Plaintiff also argues that his state law claims against Shri Hari and Tucson Hotel Investments are nonremovable and, even if the Court disagrees, it should decline to exercise supplemental jurisdiction over the claims. Plaintiff acknowledges that as a general rule, an entire action should be removed, but argues that "when a claim that is removable on the basis of federal question jurisdiction is joined with otherwise nonremovable claims or causes of action[,] [t]he nonremovable claims must [ ] be severed and remanded to the state court from which the action was removed." (Doc. 15, p. 3.) Plaintiff asserts that the state law claims are nonremovable because there are no common facts between these claims and his Americans with Disabilities Act claim, and therefore, no supplemental jurisdiction. Plaintiff's argument is factually incorrect.

On its face, Plaintiff's complaint alleges a common set of facts that underlie the federal and state claims he asserts against Shri Hari and Tucson Hotel Investments. The Court has subject matter jurisdiction over Plaintiff's federal question claims. 28 U.S.C. § 1331. In addition, because Plaintiff's complaint alleges a common set of facts underlying all of his claims, the Court also has supplemental jurisdiction over Plaintiff's state law claims. The state law claims "are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

The Court further rejects as unpersuasive, Plaintiff's suggestion that the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1). Plaintiff offers no support for his assertion that his claims raise novel or complex issues of state law.

//
//
//
//

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Confirm that the Claims Against Shri Hari, Inc. and Tucson Hotel Investments, LLC Have Not Been Removed to the District Court (Doc. 13) is **DENIED**.

Dated this 30th day of October, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge