IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>          Plaintiff,<br><br>v.<br><br>Choice Hotels International Incorporated, et al.,<br><br>          Defendants. | No. CV-20-00331-TUC-JGZ<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion for Ruling Regarding Severance and Remand of Brand Deceit Claims Pursuant to 28 U.S.C. § 1441(c). (Doc. 23.) The Court will deny the motion as duplicative.

      On October 5, 2020, Plaintiff filed a motion contesting subject matter jurisdiction as to his state law claims. On November 2, 2020, the Court denied Plaintiff's motion and found that supplemental jurisdiction exists over all of the state law claims. In the current motion, Plaintiff seeks to challenge supplemental jurisdiction for a second time. Thus, the Court will deny the motion to remand as duplicative.

      Plaintiff also requests leave to amend his complaint to assert brand deceit claims. Plaintiff may amend the complaint once as a matter of course prior to 21 days after a response. Fed. R. Civ. P. 15(1)(B). Because Shri Hari filed an answer to the complaint on November 9, 2020, Plaintiff may exercise his right to amend. Plaintiff is advised that he must comply with Local Rule of Civil Procedure 15.1(b), which provides:

> If a party files an amended pleading as a matter of course or with the opposing party's consent, the amending party must

file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added. The amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If an amended pleading is filed with the opposing party's written consent, the notice must so certify.

Additionally, a first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Ruling Regarding Severance and Remand of Brand Deceit Claims Pursuant to 28 U.S.C. § 1441(c) (Doc. 23) is **DENIED**.

Dated this 10th day of November, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge