**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik, | No. CV-20-00331-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Choice Hotels International Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion that Defendant Prove Removal Jurisdiction" and "All Writs Act Motion for Writ of Prohibition." (Doc. 34.) The motion is fully briefed. (Docs. 38, 39.) For the reasons that follow, the Court will deny the motion, dismiss the ADA claim for lack of standing, and remand the case to state court.

## I.    BACKGROUND

Plaintiff Peter Strojnik is a self-proclaimed American with Disabilities Act (ADA) "tester," who visits hotels and their websites to test their compliance with the ADA. (Doc. 32, p. 1). When Strojnik believes a hotel falls short, he takes legal action, often filing complaints written in general terms that are routinely dismissed for failing to sufficiently allege Article III standing. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *5-7 (D. Ariz. Jan. 6, 2021) (collecting cases) ("The Court will take judicial notice of the fact that Mr. Strojnik has filed thousands [of] ADA lawsuits across the western United States."); *Advocs. for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 894 (D. Ariz. 2017) (noting that most of Strojnik's

cases have been dismissed "with prejudice for lack of standing."). In this district, Strojnik has filed at least 35 similar cases that have been remanded to state court for lack of standing. Because of his baseless filings, on January 6, 2021, a judge of this Court declared Strojnik a vexatious litigant, and found that Strojnik "harasses and coerces parties into agreeing to extortive settlements." *Driftwood*, 2021 WL 50456, at *10.

In the pending action, Strojnik alleges that he visited hotels owned by Defendants Shri Hari Incorporated and Tucson Hotel Investments, LLC. (Doc. 32, pp. 1-2.) In this action, which was initially filed in Arizona Superior Court, Strojnik alleges causes of action for (1) common law fraud, (2) consumer fraud, (3) failure to disclose, (4) fraudulent concealment, (5) violations of the ADA, (6) negligence, and (7) brand deceit. (*Id.* at 19-27.) Defendants properly removed the action to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the remaining state law claims.[1] (Doc. 1, p. 2.) On February 1, 2021, Strojnik filed the pending motions challenging the removal. (Doc. 34.) The Court concludes that Strojnik's motions are frivolous[2] and remand is appropriate.

## II. Discussion

### A. Strojnik Fails to Sufficiently Allege Standing

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). The doctrine of standing requires a plaintiff to "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "A 'concrete' injury must be '*de facto*'; that is, it must actually

---

[1]     Plaintiff amended his complaint to remove his Securities Exchange Act claim, leaving the ADA claim as the only federal claim. (*See* Docs. 27-1 & 32.)

[2]     Because Plaintiff's motions are clearly frivolous and lacking legal support, the Court would entertain a motion for attorney's fees from Defendants for the time spent responding to the motions.

exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

A disabled person has suffered an actual injury if he is "currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008). A barrier due to ADA noncompliance must "interfere with the plaintiff's full and equal enjoyment of the facility. *Chapman*, 631 F.3d at 947. A barrier, however, "only amounts to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his *particular disability*." *Id.* (emphasis added). A "bare procedural violation" unassociated with a plaintiff's particular disability "cannot satisfy the demands of Article III" standing. *Spokeo*, 136 S. Ct. at 1550.   *Chapman* is illustrative. In *Chapman,* the Ninth Circuit Court of Appeals held that the district court should have dismissed the plaintiff's ADA claims at the outset where the plaintiff attached to his complaint an accessibility survey which listed the barriers known to him that he claimed denied him, and potentially others, access to the store. *Chapman*, 631 F.3d at 954. The court explained that the complaint was inadequate to establish standing because it "simply identifie[d] alleged ADA . . . violations without connecting the alleged violations to [Plaintiff's] disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the store." *Id.*

Similarly, here, Strojnik's complaint is essentially an accessibility survey. It lists "information" Plaintiff "discovered" in two Tables in the complaint.  (Doc. 32.) The Tables consist of 29 photographs with captions which are apparently meant to identify the access violation depicted in the photo. For example, the picture of the handicap parking sign is labeled "too low"; a photo of parking spaces is labeled as "visually too steep"; and a picture of the check-in counter is labeled as "inaccessible." (*Id*. at 6, 16, 18.)  Strojnik, however, fails to link any of the many alleged violations to any of his disabilities; rather, he alleges generally that he is deterred from booking a room because the violations are "directly

1    related to his disabilities by application and use of common sense." (*Id.* at 9.)   This is

2    insufficient to establish Article III standing.

3         The complaint alleges that in 'their unmitigated, active state, Plaintiff's impairments

4    require the use of a wheelchair." (Doc. 32, p. 2.) However, Strojnik does not allege how

5    often he requires a wheelchair or that he required a wheelchair on the day he visited the

6    hotels. Nor does he explain how the alleged barriers impaired or could impair his full and

7    equal enjoyment of the hotels.  Thus, Strojnik has failed to allege Article III standing as it

8    relates to the physical barriers at the hotels.

9         Strojnik also fails to sufficiently allege standing as it relates to his claims that the

10   hotels' websites violate the ADA. Strojnik alleges that the websites contain "[i]nsufficient

11   identification and description of accessible features in the hotels and guest rooms offered

12   through its reservations service in enough detail to reasonably permit plaintiff to assess

13   independently whether a given hotel or guest room meets his accessibility needs." (Doc.

14   32, pp. 3, 9, 20-22.) But this allegation "merely parrots the cited regulation and does not

15   identify what accessibility features Mr. Strojnik claims are required to accommodate his

16   disability, or state that those specific features were not described on the websites." *See*

17   *Strojnik v. R.F. Weichert V, Inc.*, No. 20-CV-00354-VKD, 2021 WL 242912, at *4 (N.D.

18   Cal. Jan. 25, 2021) (collecting cases in which "[s]imilarly vague and conclusory allegations

19   have been found insufficient to support Mr. Strojnik's standing").

20        "[I]t is not this Court's job to connect the alleged ADA violations to Strojnik's

21   disabilities--it is Strojnik's."  *Strojnik v. B&L Motels Inc.*, CV-20-08306-Phx-SPL, 2020

22   WL 7350897, *3 (D. Ariz. Dec. 15, 2020).  "While [the Court is] mindful of the generous

23   pleading standards that apply to civil rights plaintiffs, 'a liberal interpretation of a . . . civil

24   rights complaint may not supply the essential elements of the claim that were not initially

25   pled.'" *Chapman*, 631 F.3d at 954 (citation omitted).  Based on his litigation history in this

26   Court and others, Strojnik knows or should know that his allegations are insufficient to

27   establish standing as to his ADA claims.

28   //

**B. Leave to Amend and Remand**

Having found that this Court does not have jurisdiction over Strojnik's ADA claims, the Court consequently finds that it lacks jurisdiction over Strojnik's remaining state law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). Further, the Court finds that granting Strojnik leave to amend the complaint would be futile. *See B&L Motels Inc.*, 2020 WL 7350897, at *4 n.2 ("Given Strojnik's failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so, the Court can only conclude that amendment would be futile."). Accordingly, the Court will remand this case to state court.

**III.   Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Plaintiff's ADA claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to Pima County Superior Court and close its file in this action

**IT IS FURTHER ORDERED** that all pending motions (Doc. 34) are **DENIED** as moot.

Dated this 20th day of September, 2021.

Honorable Jennifer G. Zipps
United States District Judge